#### DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

#### OF THE

## STATE OF NEW JERSEY.

### MARCH TERM, 1921.

JAMES CARROLL, RESPONDENT, v. JOHN BARTON PAYNE, DIRECTOR GENERAL OF RAILROADS, AGENT, APPELLANT.

> Submitted March 21, 1921—Decided June 20, 1921.

It is settled law that a finding of fact by a court below will not be disturbed on appeal, if there be any evidence to support it.

On appeal from the Hudson County Circuit Court.

For the appellant, *Wall, Haight, Carey & Hartpence* and *Eugene H. Vredenburgh.*

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was an action at law for damages for an injury sustained by the plaintiff-respondent at the Park Place station, Newark, of the Hudson and Man-

hattan Railroad Company on October 11th, 1919. The complaint avers that the defendant-appellant was in the control, management and operation of the Hudson and Manhattan Railroad Company, a common carrier of passengers; that the defendant-appellant at the time and place aforesaid did not use reasonable care to see that the plaintiff-respondent had a reasonable opportunity to board a train into which he was invited by the defendant-appellant; that the plaintiff-respondent, without fault on his part, was pushed against and upon a certain obstruction and had his arm broken; which injury was caused by the negligence of the defendant-appellant, and that the plaintiff-respondent was at all times in the exercise of due care for his safety. The answer denies the truth of the matters contained in the complaint, and, for a second defence, avers that the alleged injuries complained of resulted from the contributory negligence of plaintiff-respondent, who placed himself in a position of danger in the crowd at the Park Place station, and failed to exercise due and reasonable care for his own safety. Trial was had at the Hudson Circuit before Campbell, J., and a jury, and resulted in a verdict for the plaintiff-respondent and against the defendant-appellant.

Within six days after the rendition of the verdict defendant-appellant applied for, and obtained, a rule to show cause why the verdict should not be set aside and a new trial granted, reserving objections or exceptions taken or noted to (1) refusal to nonsuit; (2) refusal to direct a verdict in favor of defendant-appellant; and (3) the court's charge and also refusal to charge, as indicated in the record. The grounds of appeal filed are—(1) to the refusal to grant a nonsuit; (2) to the refusal to direct a verdict in favor of defendant-appellant; and (3, 4, 5, 6, 7 and 8) to the charge of the court in certain respects and the refusal to charge certain requests. The only questions argued are— (1) refusal to nonsuit, and (2) refusal to direct a verdict.

The objections with reference to the charge as delivered and the refusal to charge as requested, are therefore waived and abandoned and will not be considered. See *State* v.

*Heyer,* 89 N. J. L. 187; *Shaw* v. *Bender,* 90 *Id.* 147; *State* v. *Snell* (*post p.* 299).

The record does not disclose that any disposition was made of the rule to show cause; but in the brief for plaintiff-respondent it is stated that the rule was argued and discharged. Nothing is said about it in the brief for defendant-appellant. The rule must have been discharged or else the case would not be here on error.

One of the reasons in the rule why the verdict should be set aside and a new trial granted was, that the verdict was contrary to the weight of the evidence. The two questions argued here are, as stated, that a nonsuit should have been granted, and, failing that, that a verdict should have been directed for the defendant. Now, if the trial judge was right in holding that the verdict was not contrary to the weight of the evidence, there certainly must have been evidence entitling the plaintiff-respondent to go to the jury on the close of this case, and on the close of the whole case. The case having gone to the jury they found the facts in favor of the plaintiff-respondent; and it is settled law that a finding of fact by a court below will not be disturbed on appeal, if there be any evidence to support it. This doctrine is reiterated at practically every term of this court, and it resides in innumerable reported decisions. It would be a work of supererogation to cite them.

The plaintiff-respondent was one of a large crowd who, on the day in question, rode on a train of the Central railroad into Newark for the purpose of taking a train on the Hudson and Manhattan railroad, commonly called a tube train, from Park Place, Newark, to Jersey City, where he lived, upon which latter railroad tickets of the Central railroad were honored. There was a large number of people crowded into the station. The plaintiff-respondent was among the first to arrive and was against, or close to, a gate which obstructed the passage of people to the train platform; and while he was in that situation the gate was opened by a guard and the plaintiff's arm was caught in it and he was injured.

There was evidence which, in the circumstances at the time and place, tended to show negligence in the servants and agents of the defendant-appellant, who was operating the Hudson and Manhattan railroad, and there was no evidence of contributory negligence, which, as matter of law, precluded the plaintiff-respondent from recovering; therefore the case was rightly submitted to the jury, and, therefore also, the finding of the jury in favor of the plaintiff-respondent is supported by evidence.

The judgment under review will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, JJ.    9.

*For reversal* — SWAYZE, PARKER, KALISCH, WILLIAMS, GARDNER, JJ.    5.